NORMAN EDWARD MATTEONI (SBN: 34724)
GERALD HOULIHAN (SBN: 214254)
**MATTEONI O'LAUGHLIN HECHTMAN**
848 The Alameda
San Jose, CA 95126
Telephone:  408-293-4300
Facsimile:   408-293-4005
E-Mail: gerry@matteoni.com
Attorneys for Plaintiff
TERESI INVESTMENTS, a California Limited Partnership

LOUIS A. LEONE, ESQ. (SBN: 099874)
JENNIFER N. LOGUE, ESQ. (SBN: 241910)
**STUBBS & LEONE**
A Professional Corporation
2175 N. California Blvd., Suite 900
Walnut Creek, CA  94596
Telephone:   (925) 974-8600
Facsimile:    (925) 974-8601
E-Mail:  logue@stubbsleone.com
JANNIE QUINN, ESQ. (SBN: 137588)
Office of the City Attorney
500 Castro Street
Mountain View, CA  94039-7540
Telephone:   (650) 903-6303
Facsimile:   (650) 967-4215

Attorneys for Defendant
CITY OF MOUNTAIN VIEW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TERESI INVESTMENTS, a California Limited Partnership,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF MOUNTAIN VIEW, a Municipal Corporation, and DOES 1-10, inclusive<br><br>Defendants. | Case No.: C10-04714 EJD<br><br>STIPULATION AND [PROPOSED] ORDER FOR FILING AMENDED COMPLAINT |

STIPULATION AND [PROPOSED] ORDER FOR FILING AMENDED COMPLAINT

1

1     IT IS HEREBY STIPULATED by and between the parties hereto, through their respective attorneys of record, that Plaintiff may file an amended complaint, a copy of which is attached hereto.

    IT IS FURTHER STIPULATED that the amended complaint shall be deemed served on defendant on the date this stipulation is approved by the court, and that defendant shall have thirty (30) days from the date of service to answer or otherwise respond to the amended complaint.

Dated: May 26, 2011      MATTEONI, O'LAUGHLIN & HECHTMAN

_____
NORMAN EDWARD MATTEONI, ESQ.
GERALD HOULIHAN, ESQ.
Attorneys for Plaintiff
TERESI INVESTMENTS

Dated: May 26, 2011      STUBBS & LEONE

_____
LOUIS A. LEONE, ESQ.
JENNIFER N. LOGUE, ESQ.
Attorneys for Defendant
CITY OF MOUNTAIN VIEW

PURSUANT TO STIPULATION, IT IS SO ORDERED:

Plaintiff shall file its Amended Complaint as a separate docket entry on or before June 10, 2011.

Dated: June 6, 2011

_____
EDWARD J. DAVILA
United States District Judge

---

STIPULATION AND [PROPOSED] ORDER FOR FILING AMENDED COMPLAINT

ATTACHMENT

```
 1  NORMAN MATTEONI, ESQ. (SBN 34724)
    MATTEONI SAXE & O'LAUGHLIN
 2  848 The Alameda
    San Jose, CA 95126
 3  (408)293-4300
    Fax: (408)293-4004
 4  Email: norm@matteoni.com

 5  RONALD R. ROSSI (SBN 43067)
    SUSAN R. REISCHL (SBN 94037)
 6  ROSSI, HAMERSLOUGH, REISCHL & CHUCK
    1960 The Alameda, Suite 200
 7  San Jose, CA 95126-1493
    (408) 261-4252
 8  Fax: (408) 261-4292
    Email: ron@rhrc.net
 9
    Attorneys for Plaintiff, TERESI INVESTMENTS, III a California limited partnership
10
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFONRIA

(SAN JOSE DIVISION)

| | |
|---|---|
| TERESI INVESTMENTS, III, a California limited partnership, | UNLIMITED JURISDICTION. AMOUNT IN CONTROVERY EXCEEDS $25,000 |
| Plaintiff, | Case No.: 5:10-CV-04714-EJD |
| vs. | FIRST AMENDED COMPLAINT FOR |
| CITY OF MOUNTAIN VIEW, a municipal corporation, and DOES 1-10, inclusive, | 1. VIOLATION OF UNITED STATES -- CONSTITUTION 14TH AMENDMENT DUE PROCESS; |
| Defendants. | 2. VIOLATION OF UNITED STATES CONSTITUTION 14TH AMENDMENT -- EQUAL PROTECTION; AND |
| | 3. REQUEST FOR JURY TRIAL. |

Plaintiff TERESI INVESTMENTS, III, a California limited partnership, alleges as follows:

## PRELIMINARY ALLEGATIONS

1. TERESI INVESTMENTS, III, a California limited partnership (hereinafter "Plaintiff" and/or TERESI INVESTMENTS") formerly owned property in Santa Clara County located at 291 Evandale, Mountain View, California (hereinafter referred to as the "subject property"). The subject property was an apartment complex and included sixteen (16) two-

FIRST AMENDED COMPLAINT                                                                 1

Story wood frame structures with adjoining covered parking, a playground area and an in-ground pool.

2. Defendant CITY OF MOUNTAIN VIEW is a municipal corporation (hereinafter referred to as "Defendant" and/or "CITY OF MOUNTAIN VIEW"). At all times said Defendant was empowered and authorized to adopt and enforce rules and regulations for the building, remodeling, and rehabilitating of real property located within its jurisdiction.

3. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate or otherwise of Defendants named herein as DOES 1 through 10, inclusive, and therefore sues said Defendants by such fictitious names pursuant to the Code of Civil Procedure §474. Plaintiff will pray leave of Court to amend this Complaint to allege their true names and capacities when the same have been ascertained.

4. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries and damages were proximately caused thereby. As used herein, the word "Defendants" shall mean the named Defendants as set forth above and Defendants DOES 1 through 10, and each of them.

5. At all times mentioned herein, Defendants, and each of them, were the agents, servants, employees, or alter egos of their co-defendants, and each of them, and were joint venturers with, or co-partners with, or sureties for their co-defendants, and each of them, and were at all times mentioned herein acting within the course and scope of said agency, employment, and/or other relationship.

## FIRST CAUSE OF ACTION

(Violation of United States Constitution, 14th Amendment
Against Defendant City of Mountain View)

(Substantive Due Process and Procedural Due Process)

6. Plaintiff incorporates by reference the allegations of paragraphs 1 through 5 as though set forth in full herein.

7. In or about 2006, Plaintiff TERESI INVESTMENTS entered into a Purchase

1  Agreement, subject to various conditions and contingencies, to a developer who wanted to
2  demolish the complex and build residential condominiums for resale to the public. This
3  transaction required a demolition permit and rezoning which were approved by the CITY OF
4  MOUNTAIN VIEW's City Council in December, 2006.
5      8.    One of the concerns expressed by the CITY OF MOUNTAIN VIEW at the time
6  were the costs that would be incurred by the mostly low income tenants who resided in the
7  subject property when they moved. In anticipation of the sale, which ultimately did not go
8  through, Plaintiff elected to vacate the subject property prior to close of escrow. Plaintiff
9  voluntarily paid some of the tenants' expenses, forgave rent, and took other actions in order
10 to assist many of the tenants to help them move. This was not a condition of approval of
11 the demolition permit. The CITY OF MOUNTAIN VIEW's City Council decided that it
12 wanted the tenants to receive more help, and elected to voluntarily use about $125,000 of
13 the CITY OF MOUNTAIN VIEW's low income housing fund to further supplement the
14 assistance provided by Plaintiff. Plaintiff is informed and believes and thereon alleges that
15 the bulk of this money was spent by the CITY OF MOUNTAIN VIEW on supervision
16 expenses, not on actual payments to the tenants. This was not a condition of approval of
17 the rezoning. Plaintiff complied 100% with the tenant relocation terms.
18     9.    After the property was vacant, the real estate market softened, as did the
19 economy, and the buyer of the subject property elected not to go forward with the
20 transaction. As a result, by March, 2008, Plaintiff was the owner of a vacant complex which
21 it needed to re-rent in order to generate income to use for, among other things, payment of
22 the existing first deed of trust secured by the subject property.
23     10.   In 2008, Plaintiff, through its representatives, discussed with the CITY OF
24 MOUNTAIN VIEW plans for renovating the project. In or about June of 2008, Plaintiff
25 through its representatives discussed its plans for renovating the 63-unit project. Plaintiff
26 was scheduled to complete the rehabilitation before the end of the year. Plaintiff is
27 informed and believes and thereon alleges that its plans for the subject property were a
28 conforming use. However, the then CITY OF MOUNTAIN VIEW'S attorney, on behalf of

FIRST AMENDED COMPLAINT                                                                    3

the CITY OF MOUNTAIN VIEW, advised Plaintiff that the CITY OF MOUNTAIN VIEW had already spent money thinking that the property was going to be demolished, and advised Plaintiff that they must now allow the CITY OF MOUNTAIN VIEW to inspect the property and also go through a design review process all the way through to the CITY OF MOUNTAIN VIEW's City Council.

11. In October, 2008, Plaintiff pulled a roof permit to start re-roofing the units. Plaintiff is informed and believes and thereon alleges that under the CITY OF MOUNTAIN VIEW's system, these are non discretionary permits, and one of the few types of permits available on-line. In fact, after the roof permits were issued, the CITY OF MOUNTAIN VIEW red tagged and issued a stop work notice stating falsely, that no permit had been pulled. The CITY OF MOUNTAIN VIEW'S attorney then, on behalf of the CITY OF MOUNTAIN VIEW, refused to allow issuance of the permit or any permit for any other work to be performed until all the units were inspected. Plaintiff objected to the design review in a letter from its counsel in December, 2008 and its representatives met with staff and the CITY OF MOUNTAIN VIEW's City Attorney in an attempt to resolve the dispute.

12. For several months thereafter, meetings ensued between representatives for Plaintiff and the CITY OF MOUNTAIN VIEW, a fence was put around the property at the CITY OF MOUNTAIN VIEW's request, and the CITY OF MOUNTAIN VIEW inspected the units. No notices of violation were issued and no abatement actions issued by the CITY OF MOUNTAIN VIEW. Plaintiff is informed and believes and thereon alleges that although work needed to be performed to make the units habitable, there was nothing that could not be easily performed. In fact, a portion of the property was occupied by a caretaker. Plaintiff is further informed and believes and thereon alleges that the work to be performed could have been undertaken pursuant to non-discretionary building permits. The CITY OF MOUNTAIN VIEW however, claimed that the prior work on the complex was done without design review. That alleged work was very minor (e.g. a 4-foot tall, 6-foot wide masonry wall serving as a partial fence to the entry to the property. Because the CITY OF MOUNTAIN VIEW red tagged the building, exposed roofs could not be completed and were

1 | exposed to the rain for the next year.

2 |     13. In or about December, 2008, the CITY OF MOUNTAIN VIEW turned off the water supply to the water, meaning that the custodian and manager who lived on the property was required to leave, and the landscaping would die. These actions were taken without notice and without any hearing. The CITY OF MOUNTAIN VIEW later complained about the dead landscaping which was a direct result of its unlawful acts and asserted that replacing the dead landscaping required design review. The CITY OF MOUNTAIN VIEW later issued a weed abatement notice but initially refused a permit to remove the weeds that had arisen as a result of a caretaker being unable to live at and care for the property. Plaintiff also continued to paint the outside of the building and remove tile and carpet throughout each unit. The CITY OF MOUNTAIN VIEW, through its City Attorney, instructed the Mountain View Police to arrest any employee or vendor conducting any work on the building. Thereafter, Plaintiff ceased all work on the subject property.

    14. In or about February, 2009, Plaintiff applied for another roof permit. Plaintiff is informed and believes and thereon alleges that the contractor went in personally to obtain one over the counter and was informed that staff would have to talk to the CITY OF MOUNTAIN VIEW's attorney and that no permits were to be issued for this subject property. No other explanation was provided.

    15. The CITY OF MOUNTAIN VIEW continued to assert that no permits would be issued without design review. In the meantime, potential buyers for the subject property were interacting with the CITY OF MOUNTAIN VIEW and Plaintiff, and Plaintiff's lender was going unpaid as a result of the lack of revenue stream, all of which was known to the CITY OF MOUNTAIN VIEW.

    16. Ultimately, it became clear to Plaintiff that the subject property could not be sold as a result of the obstreperous conduct of the CITY OF MOUNTAIN VIEW and its refusal to issue any permits to Plaintiff.

    17. On or about August 21, 2009, Plaintiff submitted to Defendant CITY OF MOUNTAIN VIEW an application to re-roof the subject property. The roof was a flat, tar

FIRST AMENDED COMPLAINT    5

and gravel roof, not visible to the public. Defendant CITY OF MOUNTAIN VIEW issued that permit.

18. Plaintiff processed the re-roofing permit by an online system. As set forth above, it is one of the few types of building permits that are issued online, with the others being permits for furnace replacement, water heater replacement and a water service line.

19. On or about August 25, 2009, representatives of the CITY OF MOUNTAIN VIEW told Plaintiff in a telephone call that the building permit was revoked. No reason was given, other than that "no permits could be issued" for the subject property.

20. On or about August 28, 2009, an appeal of the revocation of the permit was filed with the CITY OF MOUNTAIN VIEW's City Council.

21. As requested by Defendant CITY OF MOUNTAIN VIEW, on or about October 5, 2009, Plaintiff submitted a letter summarizing the basis for the appeal.

22. The appeal was heard by CITY OF MOUNTAIN VIEW's City Council on or about October 27, 2009. Defendant CITY OF MOUNTAIN VIEW submitted a written staff report to the CITY OF MOUNTAIN VIEW's City Council on or about that same date. Other than making the staff report available to the general public at the hearing, Defendant CITY OF MOUNTAIN VIEW did not provide Plaintiff with a copy of the staff report at any earlier time, and did not provide Plaintiff with any meaningful opportunity to respond to or rebut the statements made in that staff report.

23. At the hearing, the appeal was discussed by staff, Plaintiff, CITY OF MOUNTAIN VIEW's City Council members, and members of the public. Following the hearing, the appeal was denied by CITY OF MOUNTAIN VIEW's City Council. The CITY OF MOUNTAIN VIEW's City Council adopted findings prepared in advance of the hearing, and did not modify the findings to take into account the discussions during the hearing.

24. Plaintiff has a right to use its property free from arbitrary and undue interference as the right to use land is a protected property right. During all relevant times, Defendant CITY OF MOUNTAIN VIEW was aware that the subject property was vacant, was not generating any income, was subject to a mortgage requiring monthly payments of

principal and interest, and that the refusal of Defendant CITY OF MOUNTAIN VIEW to issue permits as requested by Plaintiff would lead to Plaintiff's loss of ownership of the subject property, through foreclosure or otherwise. As a direct and foreseeable consequence of Defendant CITY OF MOUNTAIN VIEW's wrongful actions, Plaintiff suffered a great financial loss and in October, 2009, was compelled to execute a deed in lieu of foreclosure for the subject property to mitigate its damages.

25. Defendant CITY OF MOUNTAIN VIEW's continued practice of requiring Plaintiff to obtain a development review permit before Plaintiff could obtain a permit to re-roof one or more of the buildings and other building permits to which it was otherwise entitled was unlawful and contrary to the obligations of Defendant CITY OF MOUNTAIN VIEW's respective public offices and trusts and duties arising therefrom. Plaintiff is informed and believes and thereon alleges that the CITY OF MOUNTAIN VIEW issues roofing permits to other properties and to other owners without requiring design review.

26. Defendant CITY OF MOUNTAIN VIEW's continued practice of imposing this unlaw condition on Plaintiff's applications for buildings permits caused great and irreparable injury, loss and damage to the Plaintiff, and impermissibly interfered with Plaintiff's use of the subject property. The City Council endorsed and ratified this practice when it denied Plaintiff relief.

27. Defendant CITY OF MOUNTAIN VIEW had and has a clear, present and ministerial duty to approve an application for a building permit when a property owner such as Plaintiff has complied with all legal requirements for obtaining such a permit.

28. Plaintiff complied with all the legal requirements for obtaining a permit for its proposed re-roofing, and had a beneficial right to a permit allowing it to re-roof the subject property.

29. Re-roofing of a flat, tar and gravel roof on a two-story wood frame building, which roof work is not visible to the public, is outside the scope of the Development Review Process and does not require a determination by the Zoning Administrator that the work is exempt.

30. As an owner of property located within the City of Mountain View, Plaintiff is and was entitled to the use of the subject property free of regulations having no substantial relation to the public health, safety, morals, or general welfare.

31. Additionally, Plaintiff is and was entitled to the same procedural and substantive due process with respect to its application for permits and other applications made to the CITY OF MOUNTAIN VIEW as set forth above as any other applicant similarly situated.

32. Plaintiff is informed and believes and thereon alleges that subsequent to Plaintiff's ownership of the subject property, that the subject property was acquired by non-party Bay West Realty Capital, who was able to acquire roof permits, other permits, and inspections of the subject property from the CITY OF MOUNTAIN VIEW without the arbitrary and capricious denials of same and without the obstreperous and obstructive conduct exhibited by the CITY OF MOUNTAIN VIEW with respect to Plaintiff's applications. Plaintiff is informed and believes and thereon alleges that the denial of its various applications as set forth above was based wholly or in part on Defendant CITY OF MOUNTAIN VIEW's personal animosity towards Plaintiff and its representatives and was intentional and disparate treatment on the part of Defendant CITY OF MOUNTAIN VIEW. Plaintiff is informed and believes and thereon alleges that the then City Attorney of the CITY OF MOUNTAIN VIEW had personal animosity toward Plaintiff and that the City Council ratified and adopted the actions and conduct of the City Attorney and its members also exhibited this personal animosity towards Plaintiff. Defendant CITY OF MOUNTAIN VIEW treated the subject property's subsequent owner differently and gave them favorable treatment. Plaintiff is informed and believes and thereon alleges that said subsequent owner, Bay West Realty Capital, was an owner in a similarly situated position as Plaintiff.

33. Plaintiff is informed and believes and thereon alleges as set forth above that the difference in treatment was intentional, there was no rational basis for same, and that Defendant CITY OF MOUNTAIN VIEW's treatment of Plaintiff was wholly arbitrary, and irrational, and made with the intent to deprive Plaintiff of its rights and/or in reckless

FIRST AMENDED COMPLAINT                                                                 8

disregard of those rights.

34. As a proximate result of the conduct of Defendant CITY OF MOUNTAIN VIEW, Plaintiff suffered loss of rent beginning in or about January, 2009 through the time it was compelled to execute a deed in lieu of foreclosure to mitigate damage in excess of $915,000. Plaintiff is informed and believes and thereon alleges that loss or rents if Plaintiff had been allowed to rehabilitate the building as planned for a 5-year period of time would have been in excess of $4,500,000 with no rent increase and over $5 million if the rate had been increased during that time. Further, Plaintiff had entered into an agreement to sell the building to another entity and lost its opportunity to sell the subject property as a result of Defendant's capricious and arbitrary conduct. Plaintiff is informed and believes and thereon alleges that the building would have continued to appreciate over time and that Plaintiff's loss of equity in the range of $16-20 million.

35. The conduct of Defendant CITY OF MOUNTAIN VIEW constitutes a violation of Section 1 of the 14th Amendment to the United States Constitution, and the suit is brought pursuant to the Federal Civil Rights Act, 42 U.S.C. § 1983.

36. WHEREFORE, Plaintiff prays for relief against Defendants as more fully set forth below.

## SECOND CAUSE OF ACTION

(Violation of United States Constitution, 14th Amendment
Against Defendant City of Mountain View)

(Equal Protection)

37. Plaintiff incorporates by reference the allegations of paragraphs 1 through 36 as though set forth in full herein.

38. The conduct of Defendant CITY OF MOUNTAIN VIEW constitutes a violation of Section 1 of the 14th Amendment to the United States Constitution, and the suit is brought pursuant to the Federal Civil Rights Act, 42 U.S.C. § 1983.

39. As a proximate result of the conduct of Defendant CITY OF MOUNTAIN VIEW, Plaintiff suffered consequential damages and loss of rent and usage of the subject property as set forth above.

40. The above – cited actions of Defendant City of Mountain resulted in inappropriate disparate treatment of Plaintiff entitling Plaintiff to proximately caused damages according to proof.

## PRAYER

WHEREFORE, Plaintiff prays as follows:

1. For general damages in an amount in excess of the jurisdiction of this court plus interest at the legal rate;

2. For special damages in an amount according to proof;

3. Any other damages or relief the Court may determine that Plaintiff is entitled to.

DATED: 5/26/2011

MATTEONI, O'LAUGHLIN & HECHTMAN

By: _____
GERALD HOULIHAN
Attorneys for Plaintiff